UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF THE PLUMBERS AND GASFITTERS'
LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY,
VACATION & XMAS AND FRINGE BENEFIT FUNDS;
PLUMBERS AND GASFITTERS LOCAL 12; AND
PLUMBERS' UNION NO. 12 LABOR MANAGEMENT
COOPERATION TRUST FUND,

Plaintiffs

VS.

McGLONE PLUMBING, INC.

Defendant

Civil Action No.
05-CV-11510

December 28, 2005

**MEMORANDUM IN SUPPORT OF APPLICATION
FOR ENTRY OF JUDGMENT BY DEFAULT**

Plaintiffs move for entry of judgment by default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). This subsection of Rule 55 applies if, as in the instant matter, "the defendant has been defaulted for failure to appear." *KPS & Associates, Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 18 (1st Cir. 2003).

On July 18, 2005, Plaintiffs filed this collection action against Defendant McGlone Plumbing, Inc. pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., and the Labor Management Relations Act of 1047, 29 U.S.C. § 185 to recover contractually owed sums certain due to the Plaintiff

employee fringe benefit plans. The Summons and Complaint were duly served upon Defendant McGlone Plumbing, Inc. by Norfolk County Sheriff William M. Blake on July 25, 2005.

Defendant McGlone Plumbing, Inc. has not appeared, answered, or defended the properly served Complaint. District Judge Patti B. Saris entered a Procedural Order on Default dated December 14, 2005 allowing the Plaintiffs' Motion for Default as to McGlone Plumbing, Inc. and allowing Notice of Default to issue. Accordingly, an application for entry of default judgment pursuant to Rule 55(b)(1) is appropriate. *KPS & Associates, Inc.*, at 18. This Court's Order instructed that if the Plaintiffs intend to move for judgment by default, they shall do so on or before January 14, 2005 and include a proposed form of judgment along with the motion filing.

Plaintiffs' Application for Entry of Judgment by Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure is also appropriate because Plaintiffs' claim against Defendant McGlone Plumbing, Inc. is for a "sum certain." *Id*. In this regard, the First Circuit Court has noted that:

> When the plaintiffs claim against a defendant for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

*KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 18, fn. 6 (1st Cir. 2003) citing Fed.R.Civ.P. 55(b)(1).

2

In the Rule 55 context, a claim is not a sum certain case unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *Id.*, at 19; citing, e.g., *Reynolds Sec. Inc. v. Underwriters Bank & Trust Co.,* 44 N.Y.2d 568, 406 N.Y.S.2d 743, 378 N.E.2d 106, 109 (1978). As described below, there is "no doubt" as to the amount to which Plaintiffs are entitled as a result of the Defendant's default.

As with a "sum certain", a hearing in damages is not required if the claim is "liquidated" or "one capable of mathematical calculation." *KPS & Associates, Inc.,* at 20 citing, Am.Jur.2d Judgments § 313. Accordingly, in the instant matter, a hearing in damages is not required for entry of judgment by default. Because the monthly delinquency is a sum certain, the delinquency figure of ***$6,311.64*** that results from a mathematical calculation pursuant to the Collective Bargaining Agreement (i.e. Funds hourly rate multiplied by hours worked) and, moreover, has been "agreed upon by the parties" as reported by Defendant in its monthly Funds report to Plaintiffs. (Affidavit of Roger B. Gill, Funds Administrator ¶¶ 5, 6, 7). Likewise, the unpaid late fees in the amount of ***$424.51*** is a sum certain because it results from a contractual obligation pursuant to the Collective Bargaining Agreement and is the result of a "mathematical calculation" (i.e., Defendant's Monthly Funds delinquency multiplied by one percent per month) (Affidavit of Roger B. Gill, Funds Administrator ¶ 8). Similarly, Plaintiffs' claim for attorney's fees of **One Thousand Four Hundred Dollars ($1,400.00)** is a sum certain derived from the obligation within the Collective Bargaining Agreement and determined by mathematical calculation (Attorney's hourly rate multiplied by Attorney's

3

time litigating this collection action). In addition, the claim for attorney's fees and costs is supported by statute. 29 U.S.C. Section 1132(g) and 28 U.S.C. Section 1961. (Attachment B, Affidavit of Attorney John T. Fussell, ¶¶ 3, 4, 5, 6, 7). Finally, Plaintiffs' claim for costs in the amount of **Two Hundred Ninety-Five Dollars and Eighteen Cents ($295.18)** is a sum certain arrived at by "mathematical calculation" (i.e. the sum of the court filing fee, plus the Sheriff's fee for service of the Summons and Complaint). (Attachment B, Affidavit of Attorney John T. Fussell, ¶¶ 3, 8). Accordingly, the specific amount of damages is a sum certain that equals the amount of contractually owed and unpaid contributions for the month of July 2005 in the amount of **Six Thousand Three Hundred Eleven Dollars and Sixty-Four Cents ($6,311.64)**, plus contractually owed and unpaid late fees in the amount of **Four Hundred Twenty-Four Dollars and Fifty-One Cents ($424.51)**, plus the contractually mandated and statutorily permitted attorney's fees of **One Thousand Four Hundred Dollars ($1,400.00)**, and costs of **Two Hundred Ninety-Five Dollars and Eighteen Cents ($295.18)**.

Defendant has not appeared, answered or defended and there is no doubt that Judgment should enter against Defendant McGlone Plumbing in the sum certain amount of **$8,431.33**, the total of the aforementioned delinquent Funds contributions for the month of July 2005, the late fees, and the attorneys fees and costs. For the foregoing reasons, Plaintiffs respectfully request that the Clerk of this Court enter judgment against Defendant McGlone Plumbing, Inc. in the sum certain amount of **$8,431.33**.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

Respectfully submitted,

Robert M. Cheverie, Esq.
ROBERT M. CHEVERIE &
 ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
(860) 290-9610
BBO# 082320

Attorney for Plaintiffs

5

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **MEMORANDUM IN SUPPORT OF APPLICATION FOR ENTRY OF JUDGMENT BY DEFAULT** has been mailed, first-class and postage prepaid, this 28th day of December 2005 to the following:

Dan McGlone
McGLONE PLUMBING, INC.
111 French Avenue
Braintree, MA  02184

_____
Robert M. Cheverie

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT  06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719